## PILLAR ROCK PACKING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8345.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1937.

Robt. T. Jacob, of Portland, Or., for petitioner.

Robert H. Jackson, Asst. U. S. Atty. Gen., and Sewall Key, Ellis N. Slack, and Francis I. Howley, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

The petition presented, asks review of a decision of the Board of Tax Appeals, sustaining respondent's determination that there was a deficiency in the income tax paid by petitioner for the year 1930, in the sum of $4,087.46.

The facts found by the Board are not in dispute.

Prior to June 1, 1926, the petitioner, a corporation, owned and operated a fish cannery at Pillar Rock, Wash., and subsequent to that date it leased its cannery to the Pillar Rock Company, a partnership, which thereafter operated it.

All but three of the members of the partnership held stock in the petitioner, but these three owned $28\frac{1}{2}$ per cent. of the partnership. All but three stockholders of the petitioner had interests in the partnership, but these three held 68 per cent. of the stock of the corporation. Those persons who did hold an interest in both the partnership and the corporation did not in all instances hold in the same proportion.

On January 17, 1930, the petitioner, the partnership, and certain individual stockholders transferred certain assets owned by them respectively to the New England Fish Company, a Maine corporation. The total consideration for the transfer was $150,000. The individual stockholders received $6,300 in cash for the assets they transferred. The partnership received $6,390 in cash, $17,085 in notes, and $25,-633.50 par value of preferred stock of the New England Fish Company; and the petitioner received $12,310 in cash, $32,915 in notes, and $49,366.50 in preferred stock. The notes and preferred stock were delivered directly to the stockholders of the petitioner, pursuant to agreement.

All of petitioner's assets were transferred, except its accounts receivable in the amount of $45,294.52, which amount was due from the partnership. The cost of the assets transferred was $60,536.06.

The petitioner immediately ceased to transact business and the properties con-

veyed were thereafter operated as the Pillar Rock Cannery of the New England Fish Company. On July 1, 1932, the petitioner was stricken from the files of the Department of State of the state of Washington for failure to pay annual license fees.

Respondent audited petitioner's return, and assessed a deficiency, which was sustained by the Board's decision. The petition to review that decision was then filed.

Petitioner contends that the transaction related was a reorganization within the definition of that term in section 112 (i) (1) (A) of the Revenue Act of 1928, 26 U.S.C.A. § 112 (g) note as follows: "The term 'reorganization' means (A) a merger or consolidation (including the acquisition by one corporation of * * * substantially all the properties of another corporation)." The Board held: "We do not think that 'substantially all' of the assets were transferred." Appellee contends that there was no reorganization.

If there was a reorganization, then the extent of recognition to be given the gain on the transaction in the return, is determined by the following provisions of section 112 of the act:

"(a) Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section.

"(b) * * * (4) No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization. * * *

"(d) If an exchange would be within the provisions of subsection (b)'(4) of this section if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

"(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, * * *

"(2) If the corporation receiving such other property or money does not distribute it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property so received, which is not so distributed." 26 U.S.C.A. § 112 (a) (b) (4), d (1, 2) and note.

The first question is: Did petitioner convey "substantially all" of its "properties"? Substantially the same language was used in the Revenue Acts of 1921, 1924, and 1926. Here, petitioner transferred assets costing $60,536.06, receiving therefor $94,591.50. It retained as assets, only accounts receivable in the sum of $45,294.52. Using cost as a basis, petitioner transferred approximately 57 per cent. of its assets, and using value received as a basis, petitioner transferred approximately 68 per cent. of its assets.

Petitioner contends that substantially all its "properties," means substantially all its physical "operating" properties. We believe no such limitation can be placed on the word "properties." The word must be taken in its ordinary sense, and as it is a comprehensive word, it includes accounts receivable. If Congress had intended to restrict the meaning of the word, it would have done so.

Petitioner points out that in Western Industries Co. v. Helvering, 65 App.D.C. 205, 82 F.(2d) 461, 464, it was said: "It is true petitioner retained, of its assets, $199,719.34 in money and also notes and accounts receivable of a book value of $79,-774.74; but the only property which it retained, as distinguished from money, was a ranch * * * which it subsequently sold for $5,000."

This indicates that accounts receivable were considered as "money," and that money was not considered as part of the "properties." There is no basis for considering accounts receivable as "money." They are "properties." In so far as the case cited is contrary, we decline to follow it. As to whether "money" should be considered as "properties," the question is not before us, and we leave it open.

When the statute says "substantially all," it means what it says. Considering it most favorably to petitioner, 68 per cent. is not "substantially all" its properties. It kept about one-third of its properties.

We hold there is no reorganization here because petitioner did not transfer substan-

tially all its properties. It is therefore unnecessary to consider the contentions, regarding the extent of recognition of the gain.

Affirmed.